36 So.2d 116

## HANEY v. STATE.

### 7 Div. 935.

Court of Appeals of Alabama.
April 6, 1948.

Rehearing Denied May 11, 1948.

J. W. Brown, of Boaz, for appellant.

A. A. Carmichael, Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The offense, charged by affidavit against this appellant, defendant below, was, that he did operate an automobile upon the highway of St. Clair County, in the State of Alabama, while under the influence of intoxicating liquors or beverages in violation of law. (We have omitted formal parts.)

The prosecution originated in the county court, and from a judgment of conviction in said court an appeal was taken to the circuit court and pursuant to agreement was tried before the court without a jury, upon a complaint filed by the solicitor, as the law requires.

Upon the trial in the circuit court, as defense to the crime charged, the defendant insisted (1) that he was not intoxicated at the time the unfortunate and fearful collision between his truck, and the Cadillac car occurred, (2) that he was not driving his truck when it did happen. On each of these questions the evidence adduced upon the trial was in sharp and irreconcilable conflict. There were several eye witnesses to the collision and their testimony, coupled with that of the two law officers who arrived at the scene in a few minutes after the collision, tended to make out the State's case in its every detail.

From a careful and attentive consideration of the entire record we are convinced that the trial court accorded the defendant a thoroughly fair and impartial trial, free from semblance of injurious error. The oft stated and settled rule is, a judgment of conviction by court trying a case without a jury must be affirmed where this court could not say that the conclusion reached by the trial court was clearly wrong or so contrary to the weight of the evidence as to be manifestly unjust. 7 Alabama Digest, Criminal Law, ☞ 1159 (2).

With commendable earnestness able counsel for appellant urges this court to place the trial court in error in overruling and denying defendant's motion for a new trial. This insistence in effect would necessitate the substitution of this court for the trial court, and this we are without authority to do. The learned and experienced judge who tried this case had the witnesses before him; he saw and heard them testify, and had the opportunity of noting their demeanor on the stand and the manner in which they testified. It clearly appears that the court allowed the defendant full opportunity to present his every defense, and in this connection the evidence was allowed to take a wide scope.

The motion for a new trial was correctly overruled. The evidence offered by witnesses as newly discovered evidence was merely cumulative of other evidence. A new trial will not be granted for newly discovered evidence which is merely cumulative. Vol. 7 Alabama Digest, Criminal Law, ☞ 941. The defendant must show diligence in ascertaining such evidence. Vol. 7 Alabama Digest, Criminal Law, ☞ 939. Such diligence was not shown in the instant case.

At the conclusion of the case the court rendered a judgment finding the defendant guilty as charged, and fixed his punishment at imprisonment in the county jail of St. Clair County, Alabama, for the term of six months, and as further punishment for said offense, it was ordered that defendant be prohibited from driving any motor vehicle upon the highways of this State for the period of three months.

Said action of the trial court is hereby affirmed in all respects.

Affirmed.